IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|                          )
**JANE DOE**               )
                                 )
    Plaintiff,            )
                                 )
    v.                    ) Civil Action No. 2:18-cv-05309-GEKP
                                 )
**MANOR COLLEGE**          )
                                 )
    Defendant.            )
_____)


**PLAINTIFF JANE DOE'S PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. 1[1]
*Introduction to Case*

This case involves claims against Defendant Manor College, located in Jenkintown, Montgomery County, PA, brought by a student who the Court has allowed to proceed in this case under the name Jane Doe, to protect her privacy. Plaintiff Jane Doe began as a freshman at Manor College in August 2016. Ms. Doe claims that on September 17, 2016, a male Manor student, a male Resident Assistant, and another male undressed themselves and began coercing Doe into taking off her clothes and having sex with them. She claims that when the men blocked the door, she was unable to leave the room and feared for her safety. Doe was able to reach her cell phone and began to record the interaction. In the RA's dorm room, the male individuals sexually assaulted Doe. Doe also claims that during the assault, one of the assailants took a photo of her naked, without her consent, and circulated it electronically to Manor students and others.

Doe claims that she reported the assault and distribution of the photo to an RA and to Manor's Director of Student Engagement Allison Mootz and Residence Coordinator Lynn Wales. Manor held a hearing on Doe's report of a sexual assault and the distribution of a nude picture without her consent but only sanctioned the assailants for violating the guest policy.

Doe claims that the assault and distribution of the photo by the students was so severe, pervasive, and objectively offensive that it effectively denied her access to an educational opportunity or benefit. She claims that Manor officials were deliberately indifferent to Doe's rights after learning of the sexual assault and distribution of the photo in that their actions or inactions were clearly unreasonable in light of the known circumstances. Doe claims that she continued to

---

[1] Pursuant to the Court's General Pretrial and Trial Procedures, Plaintiff only submits proposed jury instructions on the unique substantive issues in this case, and does not include instructions on more general matters and those provided in model form by the Third Circuit, such as juror conduct or burden of proof.

feel unsafe on campus and Manor denied and ignored her further appeals. She claims Manor then began sanctioning her for multiple alleged disciplinary infractions in retaliation for reporting the sexual assault and distribution of the photo and trying to appeal, ultimately evicting her from her dorm. Doe claims she felt so overwhelmed by Manor's treatment that she attempted suicide within two days of being removed from campus. Doe claims she continues to suffer from Manor's response to her report of the sexual assault and distribution of the photo on campus and subsequent retaliation. Ms. Doe brings claims under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, et seq. ("Title IX") for discrimination and retaliation.

Defendant Manor College claims that it promptly responded to Plaintiff's report of an alleged sexual assault, and that her removal from the dormitory was the result of numerous Code of Conduct violations that were unrelated to her claim of sexual assault.

# INSTRUCTION NO. 2
*Title IX*

Title IX of the Education Amendments Act of 1972 provides:

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance.[2]

Students who experience sexual harassment by other students, which includes sexual assault, may seek damages for Title IX violations from recipients of federal financial assistance.[3]

Defendant Manor College receives federal financial assistance and does not dispute that it is required to follow the federal law known as Title IX.[4]

---

[2] 20 U.S.C.S. § 1681.
[3] *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 647, 650 (1999); *Gebser v. Lago Vista Indep. Sch. Dist.* 524 U.S. 274, 290 (1998).
[4] ECF No. 8, Def. Ans. to Pl's Compl.

# INSTRUCTION NO. 3
*Harassing Conduct*

Examples of conduct that constitutes sexual harassment includes verbal comments of a sexual nature; graphic verbal commentaries about an individual's body; sexually degrading or vulgar words to describe an individual; pinching, groping, and fondling; suggestive, insulting, or obscene comments or gestures; the display or distribution of sexually suggestive objects, pictures, posters or cartoons; asking questions about sexual conduct; unwelcome sexual advances; and unwelcome sexual touching.[5]

---

[5] Note to 3C Fed. Jury Prac. & Instr. § 177:33 (6th ed.) (hereinafter "O'Malley"), citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 60–61, 106 S.Ct. 2399, 2402, 91 L.Ed.2d 49 (1986).

# INSTRUCTION NO. 4
*Discrimination Under Title IX*

Defendant Manor College is liable for Plaintiff Jane Doe's claim of discrimination if Ms. Doe proves by a preponderance of the evidence that:

First: Ms. Doe was subjected to sexual harassment by the conduct of one or more other Manor College students;

Second: The sexual harassment Ms. Doe experienced was so severe, pervasive, and offensive to a reasonable person of Ms. Doe's sex that it effectively deprived Ms. Doe of access to the educational opportunities or benefits provided by Manor College;

Third: Manor College had actual notice or knowledge of the alleged harassment; and

Fourth: Manor College acted with deliberate indifference to the known allegations of harassment.[6]

In this case, the Court has determined that Ms. Doe established as a matter of law that Manor College had actual knowledge of Ms. Doe's allegations of sexual harassment, and you therefore do not need to decide the Third question.[7]

If any of the remaining elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant Manor College and you need not proceed further in considering Plaintiff's claim of discrimination.[8]

---

[6] 3C O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 177.21 (6th ed. 2006) (modified to substitute out placeholder brackets); *Wolfe v. Fayetteville, Arkansas School District*, 648 F.3d 860 (8th Cir. 2011) (upholding similar instruction).
[7] ECF No. 44, Order on Cross Motions for Summary Judgment, Aug. 17, 2020.
[8] 3C O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 177.21 (6th ed. 2006).

# INSTRUCTION NO. 5
*Deprivation Education Opportunities*

To determine whether Ms. Doe's alleged harassment deprived her of access to educational opportunities or benefits, you must examine the totality of the circumstances, including the frequency, the severity, the impact on Ms. Doe, the ages of the harassers and the victim, and the degree of interference with Ms. Doe's educational pursuits.[9]

This requires you to consider the evidence from the perspective of a reasonable person of the same sex as Ms. Doe. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable woman's reaction to similar actions under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.[10]

The effect of the alleged harassment on Ms. Doe's mental and emotional well-being is also relevant to determining whether Ms. Doe found the environment to be harassing; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required to show Ms. Doe was deprived of access to educational opportunities or benefits.[11]

Sex-based harassment can deprive a student of access to educational opportunities or benefits in several circumstances, including when the harassment (1) results in the physical

---

[9] *See* O'Malley, *supra* note 5, at § 177.33 (hostile environment in employment); Third Circuit Model Instructions, Harassment – Hostile Work Environment 5.1.4; *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 651 (1999); *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998).

[10] O'Malley, *supra* note 5, at §§ 177.21, 177.34; see also *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

[11] O'Malley, *supra* note 5, at §177.33; *see also Doe ex rel Doe v. Coventry Bd. of Educ.*, 630 F. Supp. 2d 226, 233 (D. Conn. 2009); *Bruning v. Carroll Cmty. Sch. Dist.*, 486 F. Supp. 2d 892, 917-18 (N.D. Iowa 2007).

exclusion of the student from an educational program or activity; (2) so undermines and detracts from the student's educational experience as to effectively deny her equal access to an institution's resources and opportunities; or (3) has a concrete, negative effect on the negative effect on the student's education or access to school-related resources.[12]

---

[12] *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650-51 (1999); *Doe v. Fairfax Cty. Sch. Bd.*, 1 F.4th 257, 276-77 (4th Cir. 2021); *MDB v. Punxsutawney Christian Sch.*, 386 F. Supp. 3d 565, 577 (W.D. Pa. 2019); *Roohbakhsh v. Bd. of Trs. of the Neb. State Colls.*, 409 F. Supp. 3d 719, 733 (D. Neb. 2019); *Wills v. Brown Univ.*, 184 F.3d 20, 37 (1st Cir. 1999).

# INSTRUCTION NO. 6
*Deliberate Indifference*

To determine whether Manor College acted with "deliberate indifference," you must decide whether Manor College's response or lack of response to the alleged harassment was clearly unreasonable in light of all the known circumstances at the time.[13]

You must evaluate evidence of deliberate indifference by looking at the totality of the circumstances. This means that you should look at all of the actions and inactions together, and not assess each individual action or inaction separately.[14]

---

[13] O'Malley, *supra* note 5, at § 177:35; *see Davis*, 526 U.S. at 648.
[14] *Doe ex rel. Doe v. Coventry Bd. of Educ.*, 630 F. Supp. 2d 226, 235 (D. Conn. 2009); *Moore v. City of Phila.*, 461 F.3d 331, 346 (3d Cir. 2006).

# INSTRUCTION NO. 7
*Retaliation*

Defendant Manor College is liable for Plaintiff Jane Doe's claim of retaliation if Ms. Doe proves by a preponderance of the evidence that:

First, Ms. Doe engaged in activity protected by Title IX;

Second, Manor College has taken an action or actions that adversely affected Ms. Doe; and

Third, there is a causal connection between Manor College's adverse action or actions and the protected activity of Ms. Doe.[15]

The Court has determined that as a matter of law Jane Doe engaged in activity protected by Title IX when she reported sexual harassment to Manor College and when she complained about the school's response to her reports of sexual harassment. The Court has also determined that as a matter of law Manor College took actions that adversely affected Plaintiff when it evicted her from the dormitory, required her move off campus in 24 hours, sanctioned her with monetary fines and community service, required her to attend counseling sessions, and threatened her with legal action.[16]

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Manor College's actions followed shortly after Manor College became aware of Jane Doe's report of sexual assault and distribution of a nude picture, and her complaints about the school's response to her report of sexual assault.[17] Causation is, however, not necessarily ruled

---

[15] O'Malley, *supra* note 5, at 177:24 (omits reference to plaintiff as student "or employee;" mirrors to Third Circuit Model instruction for Title VII retaliation claims).
[16] ECF No. 44 at 27-28.
[17] ECF No. 44 at 27-28.

out by a more extended passage of time. Causation may or may not be proven by antagonism or hostility shown toward Jane Doe or a change in demeanor toward Jane Doe.

Ultimately, you must decide whether Manor's actions that Jane Doe claims were retaliatory would not have happened absent Jane Doe's complaints about how the school responded to her reports of sexual assault and distribution of the nude photo, and her complaints about how the school responded to her appeals.[18]

Manor College has given nonretaliatory reasons for its actions that adversely affected Ms. Doe. If you disbelieve Manor College's explanations for its conduct, then you may, but need not, find that Ms. Doe has proved retaliation. However, you may consider whether Manor College's reason is merely a cover-up for retaliation.[19]

---

[18] *See* Third Circuit Model Instruction, 5.1.7 Elements of a Title VII Claim – Retaliation.
[19] *See* Third Circuit Model Instruction, 5.1.7 Elements of a Title VII Claim – Retaliation, Comment to Instruction at Lines 350-370.

# INSTRUCTION NO. 8
*Legality of Recording*

In Pennsylvania, it is unlawful to audio record a person without their consent; however, it is not unlawful, and no prior consent is needed, for a victim to audio record a person when the victim believes that person is about to commit or has committed a crime, including sexual assault.[20]

---

[20] 18 Pa. Cons. Stat. Ann. § 5702(1)(ii), 18 Pa. Cons. Stat. Ann. § 5704(17).

# INSTRUCTION NO. 9
*Compensatory Damages*

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendant Manor College should be held liable.

If you find by a preponderance of the evidence that Defendant Manor College discriminated or retaliated against Plaintiff, then you must consider the issue of compensatory damages. You must award Ms. Doe an amount that will fairly compensate her for any injury she actually sustained as a result of Manor College's conduct. The damages that you award must be fair compensation, no more and no less. Ms. Doe has the burden of proving damages by a preponderance of the evidence.

Ms. Doe must show that her emotional distress would not have occurred without Manor College's actions. Ms. Doe must also show that Manor College's actions played a substantial part in bringing about her emotional distress, and that her emotional distress was either a direct result or a reasonably probable consequence of Manor College's actions. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Manor College's actions were motivated by discrimination or retaliation. In other words, even assuming that Manor College's actions were motivated by sex discrimination or retaliation, Ms. Doe is not entitled to damages for her emotional distress unless Manor College's discriminatory or retaliatory actions played a substantial part in bringing about her emotional distress.

There can be more than one cause of an injury such as emotional distress. To find that Manor College's actions caused Ms. Doe injury, you need not find that Manor College's actions were the nearest cause, either in time or space.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life Ms. Doe experienced because of Manor College's action. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.[21]

---

[21] Third Circuit Model Instructions, 5.4.1, Title VII Damages, Compensatory Damages (modifications include substituting names for placeholder brackets, removing paragraphs about wages and employment, other slight modifications for non-employment related claim).

Date: January 31, 2022	Respectfully submitted,

*/s/ Lauren A. Khouri*_____
Linda M. Correia (admitted *pro hac vice*)
Lauren A. Khouri (admitted *pro hac vice*)
Correia & Puth, PLLC
1400 16th Street, NW, Suite 450
Washington, DC 20036
Tel: (202) 602-6500
Fax: (202) 602-6501

Scott M. Pollins (PA #76334)
Pollins Law Firm
800 Westdale Avenue
Swarthmore, PA 19081
Tel: (610) 896-9909
Fax: (610) 896-9910

*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2022, I am filing the foregoing through CM/ECF, which will serve a copy on all counsel of record.

*/s/ Lauren A. Khouri*_____
Lauren A. Khouri