## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PLAINTIFF**, | | : **Civil Action** |
| | Plaintiff, | : |
| v. | | : |
| | | : **NO. 2:18-CV-05309-GEKP** |
| **MANOR COLLEGE**, | | : |
| | Defendant. | : |

## DEFENDANT MANOR COLLEGE'S PROPOSED JURY INSTRUCTIONS

Defendant Manor College ("College"), by and through its undersigned counsel, hereby requests that, at the close of all evidence, the Court give the following instructions.

Respectfully submitted:

**LAMB MCERLANE PC.**

Date: <u>January 24, 2022</u>　　　　By: _/s/ Kathleen S. O'Connell Bell_
　　　　　　　　　　　　　　　KATHLEEN O'CONNELL BELL, ESQUIRE
　　　　　　　　　　　　　　　ROCCO P. IMPERATRICE, III, ESQUIRE
　　　　　　　　　　　　　　　ANDREW P. STAFFORD, ESQUIRE
　　　　　　　　　　　　　　　Attorney ID Nos. 88702/32181/324459
　　　　　　　　　　　　　　　3405 West Chester Pike
　　　　　　　　　　　　　　　Newtown Square, PA 19073
　　　　　　　　　　　　　　　Tel: (61) 353-0740
　　　　　　　　　　　　　　　Fax: (610) 353-0745
　　　　　　　　　　　　　　　Counsel for Defendant

# TITLE IX—GENERALLY

Plaintiff's claim against Manor College in this lawsuit is based on a federal statute known as Title IX of the Educational Amendments Act of 1972, which is commonly referred to as "Title IX." Title IX provides that

> "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

*Federal Jury Practice and Instructions, Fifth Ed., § 177.10. (Modifications underlined).*

## TITLE IX—DEFERENCE TO INSTITUTIONS

Courts have long recognized a general policy of affording substantial deference to the decision-making process of a private college or university. Such institutions are entitled to establish their own rules and regulations. The disciplinary decisions of such institutions should not be second guessed. *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 648 (1999); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 42 (1973); *Epperson v. Arkansas*, 393 U.S. 97, 104 (1968); *Segal v. Temple U. Sch. of L.*, 99-CV-3220, 1999 WL 1210838, at *1 (E.D. Pa. Dec. 8, 1999), *aff'd*, 242 F.3d 371 (3d Cir. 2000).

# ROLE OF THE JURY

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

*Role of the Jury – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.1). (Unchanged).*

# TITLE IX – ELEMENTS

In this case, <u>Plaintiff contends that in September 2016, while enrolled as an undergraduate student at the College, she was sexually assaulted in the College's dormitory by three (3) males, two of whom were students at the College.  She contends that the College's response to her report of sexual assault was deliberately indifferent, and that the College retaliated by sanctioning her for various Code of Conduct violations, which culminated in her removal from the dormitory in November 2016 for the duration of the semester.  Manor College denies those claims.  Manor College contends that it was not deliberately indifferent to Plaintiff's report of sexual assault.  Manor College also contends that Plaintiff's removal from the College's dormitory was due solely to her multiple violations of the College's Code of Conduct that were entirely unrelated to her claim or report of sexual assault.</u>  I will give you detailed instructions on the law at the end of the case and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove to make her case: *Description of Case; Summary of Applicable Law – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.2).* (Modified underlined).

To prevail under Title IX, Plaintiff must show that: (1) the College received federal funds; (2) sexual harassment occurred; (3) the harassment took place under "circumstances wherein the College exercised substantial control over both the harasser and the context in which the . . . harassment occurred; (4) the College "actual knowledge" of the harassment; (5) the harassment was "so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the educational opportunities or benefits provided by the school"; (6) the College was "deliberately indifferent" to the harassment; and (7) the College's deliberate indifference must

have subjected Plaintiff to harassment or made her vulnerable to it. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998); *see also Bostic v. Smyrna Sch. Dist.*, 418 F.3d 355, 360 (3d Cir. 2005).

If Plaintiff does not show each of these, you must find in favor of Manor College on the deliberate indifference claim. *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 645, 650 (1999).

## **RETALIATION**

To establish retaliation, Plaintiff must first demonstrate a prima facie case by showing the following: "(1) she engaged in protected activity; (2) she experienced a materially adverse action either after or contemporaneously with the protected activity; and (3) there was a causal link between the protected activity and the adverse action." If Plaintiff makes a prima facie case, the College must demonstrate that its actions were legitimate and nondiscriminatory. If the College demonstrates this, the burden ultimately shifts to Plaintiff, who must demonstrate two things: that the College's reasons for its actions were false and pretextual, and that Plaintiff's adverse actions would not have occurred in the absence of the alleged wrongful action or actions of the College. *S.K. v. N. Allegheny Sch. Dist.*, 168 F. Supp. 3d 786, 808 (W.D. Pa. 2016).

## <u>TITLE IX- NEGLIGENCE IS INSUFFICENT</u>

A college can only be deemed deliberately indifferent to known sexual harassment if the "response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). Deliberate indifference is found only where there is a "failure to act" or "a deliberate choice, rather than negligence or bureaucratic inaction." *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263, 265 (3d Cir. 2013).

## TITLE IX - DELIBERATE INDIFFERENCE

Plaintiff must prove by a preponderance of the evidence that Manor College responded with deliberate indifference to her report of sexual assault.

To find "deliberate indifference" you must find that the College's response to the alleged assault was clearly unreasonable in light of all the known circumstances. Deliberate indifference is more than an incorrect or ill-advised decision. For conduct to rise to the level of deliberate indifference Plaintiff must demonstrate "an unnecessary and wanton infliction of pain" which is "repugnant to the conscience of mankind" and "offend[s] evolving standards of decency." This "high standard" is necessary to eliminate any risk that the recipient would be liable in damages not for its own official decision but instead for another's independent actions. An official is deliberately indifferent if the official knows of and disregards an excessive risk to the harm that ultimately occurred. Further, the deliberate indifference must itself cause the discrimination.

If Plaintiff has not proven by a preponderance of the evidence that Manor College acted with deliberate indifference you must find in favor of Manor College on Plaintiff's Title IX claim.

*Estelle v. Gamble,* 429 U.S. 97, 105-06, 97 S.Ct. 285 (1976); *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970 (1994); *Holland v. Ward,* 1999 WL 1240947, 3 (E.D.Pa., 1999); *Miller v. Kentoslz,* 1998 WL 355520 (E.D.Pa. 1998); *Vaird v. School Dist. of Philadelphia,* 2000 WL 576441, 2 (E.D.Pa., 2000), *citing Davis v. Monroe County Bd. Of Educ.,* 526 U.S. 629, 119 S.Ct. 1661, 1670-71 (1999); *Pahler v. City of Wilkes-Barre,* 31 Fed.Appx. 69, *71-72, 2002 WL 389302, 2 (3rd Cir. 2002), citing, *Collins v. City of Harker Heights,* 503 U.S. 115, 129 , 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) (quoting *Bishop v. Wood,* 426 U.S. 341, 350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976)); *Young v. Quinlan,* 960 F.2d 351, 360-61 (3d Cir.1992).

## TITLE IX

Title IX states that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." However, the College may be held liable in money damages under Title IX **only** when it "subjects its students to harassment" by its deliberate indifference. 20 U.S.C. § 1681(a); *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 644-45 (1999).

## COLLEGE'S ENTITLEMENT TO ENFORCE RULES

You should refrain from second-guessing the disciplinary decisions made by school administrators. Courts have long recognized a general policy of affording substantial deference to the decision-making process of a private college or university. Such institutions are entitled to establish their own rules and regulations. As such, school administrators can be deemed "deliberately indifferent" to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly intentional and unreasonable in light of the known circumstances. *Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 648 (1999).

## PREREQUISITE TO PLAINTIFF'S CLAIM

If you find that Plaintiff was not sexually harassed or assaulted, you must find in favor of Manor College on the deliberate indifference claim. Likewise, if you find that Plaintiff was not subject or vulnerable to sexual harassment after the date she alleges she was sexually assaulted by the three males, you must find in favor of Manor College on the deliberate indifference claim. *Davis v. Monroe Cty. Bd. Of Educ.,* 526 U.S. 629, 644-645 (1999).

## TITLE IX- RETALIATION ELEMENTS

To demonstrate retaliation under Title IX, Plaintiff must show that the College took adverse action against her because she complained about sexual assault or sexual harassment. To establish retaliation, Plaintiff must first demonstrate a prima facie case by showing each of the following: (1) she engaged in protected activity; (2) she experienced a materially adverse action either after or contemporaneously with the protected activity; and (3) there was a causal link between the protected activity and the adverse action. If Plaintiff does not demonstrate each of these, you must find in favor of the College. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174 (2005); *Atkinson v. Lafayette College*, 653 F. Supp. 2d 581, 594 (E.D. Pa. 2009).

## BURDEN OF PROOF FRAMEWORK

If Plaintiff demonstrates a prima facie case, the College must demonstrate that its actions were legitimate and nondiscriminatory. *Fuentes v. Perskie*, 32 F.3d 759, 764-65 (3d Cir. 1994); *Atkinson v. Lafayette College*, 653 F. Supp. 2d 581, 594 (E.D. Pa. 2009).

If the College demonstrates that its actions were legitimate and nondiscriminatory, Plaintiff must demonstrate that all the College's reasons for its actions were false and pretextual. It is not enough that Plaintiff demonstrates that the College's decisions were "wrong or mistaken," or that they were not "wise, shrewd, prudent, or competent." *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Rather, Plaintiff must demonstrate that retaliation was the "real reason" for the College's actions. *Collins v. Kimberly-Clark Pa., LLC*, 247 F. Supp. 3d 571, 597 (E.D. Pa. 2017), *aff'd*, 708 Fed. App'x 48 (3d Cir. 2017) (citing *Young v. City of Phila. Police Dept.*, 651 Fed. App'x 90, 96 (3d Cir. 2016)

If Plaintiff does not demonstrate that all the College's reasons were false, you must find in favor of the College. *Fuentes v. Perskie*, 32 F.3d 759, 764-65 (3d Cir. 1994); *Atkinson v. Lafayette College*, 653 F. Supp. 2d 581, 594 (E.D. Pa. 2009).

## CAUSATION

To prevail on her retaliation claim, Plaintiff must also demonstrate that she would not have experienced adverse action but for her protected activity. In other words, Plaintiff must demonstrate that the College would not have taken action against her if she did not make a complaint about the alleged sexual assault or harassment. *U. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Collins v. Kimberly-Clark Pa., LLC*, 247 F. Supp. 3d 571, 604 (E.D. Pa. 2017), *aff'd*, 708 Fed. App'x 48 (3d Cir. 2017).

# CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to

this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

*Conduct of the Jury – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.3). (Unchanged).*

# BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Bench Conferences – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.4). (Unchanged).*

## **EVIDENCE**

The evidence from which you are to find the facts consists of the following:

>1. The testimony of the witnesses;

>2. Documents and other things received as exhibits;

>3. Any facts that are stipulated--that is, formally agreed to by the parties; and

>[4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

>1. Statements, arguments, and questions of the lawyers for the parties in this case;

>2. Objections by lawyers.

>3. Any testimony I tell you to disregard; and

>4. Anything you may see or hear about this case outside the courtroom.


*Evidence – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.5). (Unchanged).*

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

*Option 1:*

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Or in the alternative:

*Option 2:*

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

*Direct and Circumstantial Evidence – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.6). (Unchanged).*

# CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. ]

*Credibility of Witnesses - Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.7). (Unchanged).*

## PREPONDERENCE OF THE EVIDENCE

This is a civil case. [Plaintiff] is the party [who] brought this lawsuit. [Defendant] is the party against [whom/which] the lawsuit was filed. [Plaintiff] has the burden of proving [her] case by what is called the preponderance of the evidence. That means [plaintiff] has to prove to you, in light of all the evidence, that what [he/she/it] claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to [plaintiff] and the evidence favorable to [defendant] on opposite sides of the scales, [plaintiff] would have to make the scales tip somewhat on [his/her/its] side. If [plaintiff] fails to meet this burden, the verdict must be for [defendant]. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

[On certain issues, called affirmative defenses, [defendant] has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that [defendant] has succeeded in proving that the required facts are more likely so than not so.]

[Defendant] has also brought claims for relief against [plaintiff], called counterclaims. On these claims, [defendant] has the same burden of proof as has [plaintiff] on [her] claims.]

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter

standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

*Preponderance of the Evidence – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 1.10). (Modifications in brackets).*

## USE OF DEPOSITIONS

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

*Use of Deposition – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 2.5). (Unchanged).*

## **USE OF TRANSCRIPTS**

    During this trial you heard conversations that were recorded. This is proper evidence for you to consider. Please listen to it very carefully.  I am going to allow you to have a transcript of the recording  to help you identify speakers and as a guide to help you listen to the recording.  If you believe at any point that the transcript says something different from what you hear on the recording, remember it is the recording that is the evidence, not the transcript. Any time there is a variation between the recording and the transcript, you must be guided solely by what you hear on the recording and not by what you see in the transcript.

*Transcript of Audio-Recorded Conversation – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 2.13). (Modifications underlined).*

## **DELIBERATIONS**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest

convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or

another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

*Deliberations – Model Jury Instructions for the District Courts of the Third Circuit (Instruction 3.1). (Unchanged).*

## OPINION TESTIMONY

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience, has become an expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely. O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE & INSTRUCTIONS (Fifth Edition) § 104.40. (unchanged).

## MONETARY DAMAGES

If you find in favor of Plaintiff, but you find that Plaintiff's damages have no monetary value, then you must return a verdict for Plaintiff in the amount of zero ($0) dollars.  O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE & INSTRUCTIONS (Fifth Edition) § 177.73.

**CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving the foregoing ***Defendant's Proposed Jury***

***Instructions*** upon the following via Electronic Mail, addressed as follows:

Scott M. Pollins, Esq.
Pollins Law Firm
800 Westdale Avenue
Swarthmore, PA 19081
***Counsel for Plaintiff***

Linda M. Correia, Esq.
Lauren A. Khouri, Esq.
Correia & Puth, PLLC
1400 16th Street, NW
Suite 450
Washington, DC 20036
***Counsel for Plaintiff***

**LAMB MCERLANE PC.**

Date: <u>January 24, 2022</u>

By: <u> */s/ Kathleen S. O'Connell Bell*</u>
KATHLEEN O'CONNELL BELL, ESQUIRE
ROCCO P. IMPERATRICE, III, ESQUIRE
ANDREW P. STAFFORD, ESQUIRE
Attorney ID Nos. 88702/32181/324459
3405 West Chester Pike
Newtown Square, PA 19073
Tel: 610-353-0740
Fax: 610-353-0745
Counsel for Defendant