UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE,** *Plaintiff* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **MANOR COLLEGE,** *Defendant* | : : : | No. 18-5309 |

## MEMORANDUM

PRATTER, J.  FEBRUARY , 2022

Ms. Doe and Manor College disagreed on whether the correct standard of causation for a Title IX retaliation claim is "but-for" causation or "motivating factor" causation. Neither the United States Supreme Court nor the Third Circuit Court of Appeals has clarified which standard should govern a Title IX retaliation claim. At trial, the Court ruled that the motivating factor standard applied. Because this is an unsettled legal issue, the Court outlines the reasoning for its ruling.

### BACKGROUND

Ms. Doe brought Title IX discrimination and retaliation claims against Manor College based on its response to her claim of sexual assault by two other Manor College students. The jury instructions dispute addressed here centered on the legal standard applicable to the Title IX retaliation claim. Ms. Doe reported a sexual assault and also attempted to appeal, within the College's procedures, the decision of the College's Code of Conduct Committee regarding her report of assault. She alleged that, in response, Manor College retaliated against her by issuing sanctions against her for 13 Code of Conduct violations, culminating in her removal from Manor College's only student dormitory. Manor asserted that the Code of Conduct violations were based

1

on Ms. Doe's conduct unrelated to the sexual assault claim and that her removal from the dormitory was based on these repeated violations.

At trial, Manor College sought a "Causation" jury instruction that "[t]o prevail on her retaliation claim, Plaintiff must also demonstrate that she would not have experienced adverse action but for her protected activity." Doc. No. 93, at 15. Ms. Doe opposed this instruction, arguing that but-for causation does not apply to Title IX retaliation claims. Doc. No. 106, at 7 & 7 n.2. Instead, Ms. Doe argued that she needed to establish that retaliation was a motivating factor behind the adverse actions Manor College took against her.

## DISCUSSION

Title IX of the of the Education Amendments of 1972 provides that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A plaintiff may bring a retaliation claim under this statute as simply "another form of intentional sex discrimination encompassed by Title IX's [implied] private cause of action." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005).

In order to prove a retaliation claim under Title IX, a plaintiff must establish by a preponderance of the evidence that: (1) she engaged in activity protected by Title IX; (2) she suffered an adverse action; and (3) there was a causal connection between the two. *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 564 (3d Cir. 2017). At the summary judgment stage in this case, the Court determined that Ms. Doe had established the first two elements of her retaliation claim as a matter of law. Thus, the only remaining issue for trial was whether Ms. Doe established the third element, causation. The parties disagreed over the proper standard for causation under Title IX.

2

The same sentence in Title IX governs the implied private right of action for both discrimination and retaliation claims. *Jackson*, 544 U.S. at 173. Third Circuit precedent establishes that the phrase "on the basis of sex" in Title IX triggers motivating factor causation. In *Doe v. University of the Sciences*, 961 F.3d 203, 209 (3d Cir. 2020), the Court of Appeals explained:

> Title IX of the Education Amendments of 1972 states that '[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving [f]ederal financial assistance[.]' 20 U.S.C. § 1681(a). 'Because Title IX prohibits . . . subjecting a person to discrimination on account of sex, it is understood to bar the imposition of university discipline [when sex] is a motivating factor in the decision to discipline.' *Doe v. Columbia Univ.*, 831 F.3d 46, 53 (2d Cir. 2016).

*Doe v. Univ. of Scis.*, 961 F.3d at 209 (alterations in original).

Despite the Third Circuit Court of Appeals having interpreted the causation standard under Title IX as the motivating factor standard, Manor College insisted that a different standard should apply. The College made three chief arguments in favor of its position. First, Manor argued that a Supreme Court decision interpreting the causation standard for Title VII retaliation claims, *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 356 (2013), altered the causation standard for Title IX retaliation claims. Second, Manor cited other courts that have applied *Nassar* to Title IX retaliation claims. Third, Manor claims that the law of the case doctrine requires applying but-for causation to Ms. Doe's Title IX retaliation claim. Ms. Doe disputed these points and argued that motivating factor causation should apply instead.

On February 10, 2022, after a conference held on February 9, 2022, the Court ruled that the proper standard for the jury to evaluate Ms. Doe's Title IX retaliation claim was motivating factor causation. The Court now explains that decision more fully, addressing Manor's three arguments in turn.

3

I. *Nassar* Does Not Override Motivating Factor Causation for Title IX Retaliation Claims

Manor College first argues that the 2013 *Nassar* Supreme Court case called into question the motivating factor causation standard for Title IX. In *Nassar*, the Supreme Court held that an amendment to Title VII established motivating factor causation for Title VII *discrimination* claims while Title VII *retaliation* claims would be governed by the but-for causation standard. *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 349 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m).").

Title VII's "detailed statutory scheme" includes separate provisions for discrimination and retaliation claims.[1] *Id.* at 356. In response to the Supreme Court's *Price Waterhouse* decision, which introduced a shifting but-for causation analysis to Title VII discrimination claims, Congress had enacted § 2000e–2(m) to amend Title VII to replace the *Price Waterhouse* analysis with the following motivating factor standard:

> Except as otherwise provided in this subchapter, an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice.

42 U.S.C. § 2000e–2(m).

In *Nassar*, the Supreme Court subsequently interpreted § 2000e–2(m) to mean that two different causation standards applied to the two types of claims under Title VII. This difference, the Supreme Court explained, was because "[t]he text of § 2000e–2(m) says nothing about retaliation claims." *Nassar*, 570 U.S. at 353. Thus, the Supreme Court read the Congressional

---

[1] "Title VII's antiretaliation provision, which is set forth in § 2000e–3(a), appears in a different section from Title VII's ban on status-based discrimination." *Nassar*, 570 U.S. at 351. The Title VII antiretaliation provision in § 2000e–3(a) requires the plaintiff to establish that the employer retaliated against him "because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e–3(a).

4

intent behind § 2000e-2(m) as applying the motivating factor causation analysis to Title VII discrimination claims *only*, and not to retaliation claims. As such, courts now are left to apply "but-for" causation to Title VII retaliation claims and "motivating factor" causation to Title VII discrimination claims. *Id.* at 360.

The Supreme Court has not resolved the question of how, or even if, *Nassar* applies to a Title IX retaliation claim. *See, e.g., Doe v. Belmont Univ.*, 367 F. Supp. 3d 732, 759 (M.D. Tenn. 2019). Nevertheless, several aspects of the *Nassar* opinion counsel against applying the same but-for causation standard to Title IX retaliation claims.

First, the Supreme Court in *Nassar* noted the "fundamental difference" in the structure of Title VII versus Title IX. *Nassar*, 570 U.S. at 356; *see also Varlesi v. Wayne State Univ.*, 643 F. App'x 507, 518 (6th Cir. 2016) ("*Nassar*, a Title VII case, went to some lengths to differentiate Title VII from Title IX with regard to prohibitions on retaliation."). The Supreme Court distinguished the language of Title IX from Title VII, noting that "[u]nlike Title IX, . . . Title VII is a detailed statutory scheme." *Nassar*, 570 U.S. at 356. Title VII has different statutory provisions pertaining to discrimination and retaliation claims. *Id.* at 356. As a result, the Supreme Court noted that the "difference in statutory structure renders inapposite decisions which treated retaliation as an implicit corollary of status-based discrimination." *Id.* In contrast to Title VII, Title IX discrimination and retaliation claims derive from the same single sentence. The textual analysis of Title IX for both types of claims centers on the same phrase, "on the basis of" sex. 20 U.S.C. § 1681(a). And, unlike the *Nassar* analysis of Title VII, the Supreme Court has made clear that Title IX retaliation claims *are* a subset of discrimination claims. *Jackson*, 544 U.S. at 173. Thus, to read the same phrase in Title IX as establishing two different causation standards

would counter common sense, as well as the Supreme Court's construction of Title IX and the Supreme Court's reasoning in *Nassar*.

Second, the Third Circuit Court of Appeals has already interpreted and construed the causation language in Title IX. *See Univ. of Scis.*, 961 F.3d at 209. *Nassar* did not explicitly overturn that standard for Title IX claims and the law of the Third Circuit Court of Appeals is controlling on this Court.

Third, numerous other courts have similarly read *Nassar* as affecting the causation standard for retaliation claims under Title VII *only*, and not affecting Title IX at all. True, as Manor College argues, "Title VII's familiar retaliation framework generally governs Title IX retaliation claims." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 564 (3d Cir. 2017) (internal quotation marks omitted). But while certainly true as a general proposition, again, this does not require the Court to find that the causation standards for Title VII and Title IX retaliation claims are identical. Other district courts have come to the conclusion that *Nassar* does not apply to Title IX retaliation claims. *See, e.g., Miller v. Kutztown Univ.*, No. 13-cv-3993, 2013 WL 6506321, at *3 (E.D. Pa. Dec. 11, 2013) ("While it is true that the legal analysis in Title VII and Title IX is often similar, the Court made clear in *Nassar* that its holding regarding but-for causation applied to Title VII, not Title IX."); *see also Russell v. N.Y. Univ.*, No. 1:15-cv-2185, 2017 WL 3049534, at *39 (S.D.N.Y. July 17, 2017) ("The Court notes two caveats from the proposition that Title VII and Title IX are subject to the same analysis . . . . First, in *Nassar*, the Supreme Court imposed a stricter standard of causation for retaliation claims under Title VII."); *S.K. v. N. Allegheny Sch. Dist.*, 168 F. Supp. 3d 786, 808 (W.D. Pa. 2016) (explaining that the plaintiff must show that her protected "complaints were a motivating factor in a response that was intended to punish or deter [her] for making the complaints").

## II. Contrary Case Law is Not Persuasive

Undeterred, Manor College cited several cases that have come out the opposite way. The reasoning in the cases Manor cited, however, is not persuasive and does not alter the Court's conclusion.

### A. Combined Title VII and Title IX Claims in University Employment Cases

First, Manor College cited several cases where courts have applied the but-for causation standard for university employment claims brought under *both* Title VII and Title IX. In these cases, which typically challenge tenure decisions, courts have applied the Title VII analysis to both claims. *See, e.g., Burton v. Bd. of Regents of Univ. of Wis. Sys.*, 851 F.3d 690, 695, 697 (7th Cir. 2017) (stating that the elements of Title VII and Title IX retaliation claims "are the same" under *Nassar* without "engag[ing] in any causation analysis"); *Baldwin v. N.Y., State Univ. of N.Y., Coll. at Buffalo*, 690 F. App'x 694, 698 (2d Cir. 2017) (per curiam) (assessing Title IX retaliation claim for denial of tenure under the but-for standard of causation).[2]

For example, in *Summy-Long v. Pa. State Univ.*, 226 F. Supp. 3d 371, 420 (M.D. Pa. 2016), the court noted that the typical "Title VII–Title IX reciprocation of standards applies to a plaintiff's failure to establish a prima facie case just as it does to her failure to demonstrate pretext." *Id.* at 411. However, the court did not discuss the Title IX retaliation claim separately. Instead, the court grouped four retaliation claims (Title VII, Title IX, the Pennsylvania Human Relations Act, and the First Amendment) together in one section and applied the *Nassar* but-for causation standard to all of the "questionable retaliation claims." *Id.* at 409, 416. In affirming the district court, the Third Circuit Court of Appeals did not address the Title IX retaliation causation standard. In fact,

---

[2] Manor College also cited *Hunt v. Washoe Cnty. Sch. Dist.*, No. 18-cv-0501, 2019 WL 4262510, at *7 (D. Nev. Sept. 9, 2019), which adopted the *Burton* application of *Nassar* for a case involving Title IX, Title VII, and ADA retaliation claims. This is yet another case blending multiple types of claims, and, like the others discussed above, does not provide persuasive reasoning here and is, obviously, out of this Circuit.

7

the Court of Appeals' opinion provided implicit support for the opposite conclusion because it applied the *McDonnell Douglas* burden-shifting framework—which governs Title VII *discrimination* claims under the motivating factor causation standard—to the Title IX claims generally. *Summy-Long v. Pa. State Univ.*, 715 F. App'x 179, 182 (3d Cir. 2017).

Although tenure cases demonstrate the tension in applying one standard for Title VII claims and a different standard for Title IX claims, this same tension arises even within Title VII itself. As a result of the *Nassar* distinction between Title VII discrimination and Title VII retaliation claims, a case involving both Title VII *and* Title IX claims for discrimination and retaliation will trigger two different standards regardless of the Title IX standards. Therefore, the university employment cases do not persuade this Court that Title IX cases must always track Title VII analysis. And while it may make pragmatic sense to harken to Title VII standards in cases that are, at their core, employment cases, this is not one of those cases.

### B. Other Applications of Title VII Retaliation Analysis to Title IX Without Sufficient Explanation

Additionally, there are cases outside the tenure context that also employ the but-for causation standard for Title IX retaliation claims, but the reasoning in those cases does not compel this Court to change its analysis. In at least one of those cases, the court has simply assumed that Title IX retaliation claims are subject to Title VII but-for causation without providing any reasoning. *Cavalier v. Cath. Univ. of Am.*, 306 F. Supp. 3d 9, 37–38 (D.D.C. 2018) ("Assuming that the Title VII retaliation standard applies in this context . . ."). And even within this District, two of this Court's colleagues have each reached opposite conclusions. *Compare Miller*, 2013 WL 6506321, at *3 (rejecting extension of *Nassar* to Title IX retaliation claims), *with Howell v. Millersville Univ. of Pa.*, No. 5:17-cv-075, 2017 WL 3189209 (E.D. Pa. July 27, 2017) (applying *Nassar* to a Title IX retaliation claim).

8

Manor College argues in favor of the *Howell* analysis, where the court applied but-for causation. The Court is not convinced by *Howell*'s series of textual leaps to reach its conclusion. Rather than looking to the text of Title IX, the focus was on a single use of the word "because" in the Supreme Court's *Jackson* opinion (which construed Title IX to include a private right of action for retaliation), which was then tied to other case law interpreting the word "because." The *Howell* opinion went on:

> At the time that the Court first recognized the existence of a cause of action for retaliation under Title IX, the Court pointed out that to succeed on the claim, the plaintiff would need to show that he was 'retaliated against ... *because* he complained of sex discrimination,' *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (emphasis the Court's), and the Court has recognized in the past that 'the ordinary meaning of the word "because" ... "requires proof that the desire to retaliate was a but-for cause of the challenged ... action.' *Burrage v. United States*, 134 S. Ct. 881, 889 (2014) (quoting *Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2528 (2013)). Putting *Jackson* and *Burrage* together, it would seem that a showing of but-for causation is needed to ultimately prevail on a Title IX retaliation claim.

*Howell*, 2017 WL 3189209, at *3 n.6 (citing *Baldwin*, 2017 WL 1951971, at *2).

However, Title IX does not use the word "because." The shorthand phrasing used in *Jackson* does not change the text of Title IX. Thus, the *Burrage* statutory interpretation of the word "because" does not apply to Title IX.[3]

Perhaps anticipating this shortcoming in its argument, Manor College quotes a portion of *Burrage* stating that the Supreme Court's "insistence on but-for causality has not been restricted to statutes using the term 'because of.'" *Burrage*, 571 U.S. at 213. Based on this, Manor College argues, "[t]he plain and ordinary meaning of 'on the basis of' in Title IX is no different than 'because of' in Title VII and the ADEA . . ." Doc. No. 81, at 13. But this argument is unavailing for several reasons.

---

[3] Plus, *Burrage* addressed interpretation of the Controlled Substances Act and did not involve a Title IX claim. *Burrage*, 571 U.S. at 210.

9

First, as already explained above, the Third Circuit Court of Appeals has specifically interpreted the Title IX use of the phrase "on the basis of" sex to trigger motivating factor analysis. *Univ. of Scis.*, 961 F.3d at 209. Second, Manor College fails to explain how the use of "on the basis of" in the same sentence in Title IX could carry different meanings for discrimination claims on the one hand and retaliation claims on the other hand. As explained above, a Title IX retaliation claim is simply "another form of intentional sex discrimination" implicated by the same one-sentence statutory provision in Title IX. *Jackson*, 544 U.S. at 173.

Therefore, the Court concludes that a college retaliates "on the basis of sex" when the protected activity under Title IX is a motivating factor for the adverse action.

## III. The Law of the Case Doctrine Does Not Alter the Court's Conclusion

Separate from its statutory arguments, Manor College also claimed that the Title VII retaliation causation standard must apply to Ms. Doe's Title IX retaliation claim under the doctrine of law of the case. "The law of the case doctrine states that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Speeney v. Rutgers, The State Univ.*, 369 F. App'x 357, 359 (3d Cir. 2010) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). The doctrine applies only if an issue was actually decided on the merits in the prior stage of the case. *In re City of Philadelphia Litig.*, 158 F.3d 711, 718 (3d Cir. 1998).

Manor College based its law-of-the-case argument on the following sentence from this Court's summary judgment opinion: "The parties agree that the familiar Title VII framework applies to the Court's analysis of the Title IX claim." *Doe v. Manor Coll.*, 479 F. Supp. 3d 151, 169 (E.D. Pa. 2020). However, Manor College takes this sentence out of context. While the introductory paragraph acknowledged that courts typically look to Title VII case law for guidance

10

on Title IX claims, the Court expressly deferred ruling on the specific issue of the retaliation causation standard. *Id.* at 174 n.14 (noting that Ms. Doe would meet her burden "even under Manor College's purported but-for burden of persuasion" and that "the Court need not address at this time whether Ms. Doe must prove causation at trial on the basis of a but-for standard"). And, in contrast to the Court's note on the general proposition about which "[t]he parties agree[d]," Doc. No. 44, Op. at 25, the parties certainly did not agree on the Title IX retaliation causation standard. *See e.g.*, Doc. No. 31-2, at 12 (arguing against application of but-for causation to the Title IX retaliation claim on summary judgment). Therefore, the law of the case doctrine is not à propos here and does not alter the Court's conclusion.

## CONCLUSION

For the foregoing reasons, the Court denied Manor College's proposed jury instruction on but-for causation for the Title IX retaliation claim. An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE